UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN R. POLAND,<br><br>      Plaintiff,<br><br>v.<br><br>TECHSKILLS, LLC, et al.,<br><br>      Defendants. | 2:11-CV-450 JCM (PAL) |

**ORDER**

Presently before the court is plaintiff John R. Poland's motion for temporary restraining order and motion for preliminary injunction against defendants TechSkills, LLC, Richard Vance, and Tom Jenkins. (Doc. #2)

On or about 1999, plaintiff Poland entered into a management agreement to serve as chairman of the board for defendant TechSkills, LLC, a business that provides post secondary education to students in a variety of areas including information technology, healthcare and business. (Doc. #2-1). Pursuant to the agreement, plaintiff was to be compensated for serving as the chairman and could only be removed with cause. *Id.* This agreement was in place until 2003, when plaintiff and defendant entered into another agreement (hereinafter "consulting agreement") whereby the parties agreed that plaintiff could be terminated only upon the event that TechSkills purchased AmeriTrain's (plaintiff is the 35% owner and president of AmeriTrain) ownership interest in TechSkills at a "mutually agreeable price." *Id.*

The consulting agreement was modified on or about October 1, 2005, and affirmed by TechSkills by means of a letter (hereinafter "affirmation letter") dated February 24, 2009, and signed

**James C. Mahan**
**U.S. District Judge**

1  by Kevin Paulsen, president and CEO of TechSkills. *Id.* Thereafter, "discrete instances of
2  investment, [referred to as "rounds," each having been designated a letter for identification
3  purposes,] giving rise to TechSkills' ownership environment," occurred. Round "D" of the
4  investment maintained the appointment of two directors by AmeriTrain. Round "E" released this
5  language and allowed one board seat to be appointed by the preferred majority and one observer
6  member appointed by plaintiff Poland.

7  In round "E," TechSkills issued the affirmation letter (doc. #2-1 Exhibit 3) affirming the
8  contractual arrangement between plaintiff and TechSkills, and stating that TechSkills' contractual
9  obligation to retain plaintiff as chairman would *continue in full force and effect* until all contractual
10 obligations were met.

11 In the plaintiff's complaint (doc. #1), he asserts that there was a board meeting scheduled for
12 November of 2010, at 9:00 am in Chicago. However, plaintiff asserts that at 8:00 am on the morning
13 of the scheduled meeting, a quorum met and passed a resolution to bar plaintiff from all board
14 meetings. Subsequently, plaintiff was physically barred from the scheduled meeting, and on February
15 10, 2011, counsel for Marquette Capital forwarded a letter[1] (doc. #2-1 Exhibit 5) to plaintiff
16 informing him that he had been removed from his position as chairman and of his right to appoint
17 an observer member to the board of managers.

18 Plaintiff asserts that the letter included a resolution from TechSkills citing §6.2D of the 10th
19 amended agreement, but that neither the letter nor the resolution referred to the affirmation letter,
20 consulting agreement, or plaintiff's compensation. Plaintiff concedes that defendants continue to
21 fulfill the compensation provisions of the employment agreement, but that he has "suffered damages
22 as a result of TechSkills' refusal to honor the contract by depriving him of his ability to safeguard
23 his pecuniary interests by participating in the governance of TechSkills and by refusing to purchase

---

[1] The letter indicates that plaintiff Poland was being removed from TechSkills' meetings due to the fact that a corporation that plaintiff is one of the principals in and the point of contact for, Mobius Connections Group, Inc., was suing TechSkills for $12 million. The board felt that the exclusion was necessary because of the conflict of interest, and stated that if the plaintiff were privy to certain topics of discussion it would provide an unfair advantage to Mobius in the litigation.

**James C. Mahan**
**U.S. District Judge**

- 2 -

plaintiff's AmeriTrain interest pursuant to the terms of the contract." (Doc. #2).

In the plaintiff's complaint (doc. #1), he asserts claims for relief for (1) breach of fiduciary duty-against TechSkills, (2) breach of implied covenant of good faith and fair dealing-against TechSkills, (3) waste of assets-shareholder derivative on behalf of TechSkills-against Jenkins and Vance, (4) breach of duty of loyalty/failure to act or investigate-against TechSkills, (5) breach of fiduciary duties/oppression of minority shareholders-against TechSkills, (6) breach of contract-against TechSkills, (7) negligent infliction of emotional distress-against all defendants, and (8) request for permanent injunction, preliminary injunction and temporary restraining order.

**Motion for Temporary Restraining Order**

In the present motion (doc. #2), plaintiff asks this court to enter an order enjoining the defendants as follows; (1) prohibiting the sale of any asset or group of assets that exceed $5,000 in one year in the aggregate; (2) prohibiting the sale/transfer or dissolution of any operating unit; (3) prohibiting the sale/transfer or dissolution of TechSkills LLC; (4) prohibiting any activity resulting in a change of ownership of TechSkills LLC; and (5) prohibiting any actions that modify plaintiff's contractual payments under his employment/consulting contract.

  **A.**  **Without Notice**

To issue a temporary retraining order without notice, Federal Rule of Civil Procedure 65(b) states that the moving party must demonstrate that "(a) specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, damage will result to the movant before the adverse party can be heard in opposition; and (b) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

Here, plaintiff asserts that "TechSkills is blatantly in breach of its contract with [p]laintiff," "blatantly breached their covenants of good faith and fair dealing and their fiduciary duty of loyalty owed," and that further interference could very well cause [p]laintiff to undergo medical complications." In the present motion (doc. #2), plaintiff asserts that he has suffered Transient Ischemic Attacks on three separate occasions between 2008 and 2010, which required hospitalization. These attacks are purportedly the result of stressful events, as one occurred only six

James C. Mahan
U.S. District Judge

1  days after plaintiff was barred from the board meeting in Chicago.

2  Plaintiff asserts that it is "entirely foreseeable, even likely, that should [d]efendants seek to further interfere with or breach the contractual obligations owed [p]laintiff, the stress would cause [p]laintiff to suffer yet another [attack]." Further, plaintiff asserts that defendants would likely take punitive actions towards plaintiff in retaliation for the filing of this suit. Moreover, plaintiff asserts that defendants can "undertake such retaliatory acts with such speed that any such harm would occur in advance of any hearing on a request for preliminary injunction, rendering the notice requirement of Fed. R. Civ. P. 65 futile."

### B.  Requirements for TRO

According to Fed. R. Civ. P. 65, a court may issue a temporary restraining order when the moving party provides specific facts showing that immediate and irreparable injury, loss, or damage will result before the adverse party's opposition to a motion for preliminary injunction can be heard. The Supreme Court has stated that courts must consider the following factors in determining whether to issue a temporary restraining order and preliminary injunction: 1) a likelihood of success on the merits; 2) possibility of irreparable injury if preliminary relief is not granted; 3) balance of hardships; and 4) advancement of the public interest. *Winter v. N.R.D.C.*, 129 S. Ct. 365, 374-76 (2008).

Plaintiff asserts that he "has sufficient documentation which establishes a likelihood of success on the merits." It appears on the face of the complaint (doc. #1) and in the present motion (doc. #2), that the evidence supports a finding that the defendants breached the consulting agreement by not complying with its terms when terminating plaintiff's position. Plaintiff further asserts that when the balance of the hardships tips towards the plaintiff, his burden to show likelihood of success on the merits is lessened. *See Nev. Council v. Margiotta,* 2009 U.S. Dist. LEXIS 43064, 2-3 (E.D. Cal. May 20, 2009)("the required degree of irreparable harm increases or decreases in inverse correlation to the probability of success on the merits").

Here, plaintiff asserts that the balance of the hardships tips towards the plaintiff, because if the court grants the injunction, defendants "would only be required to continue to operate TechSkills

James C. Mahan
U.S. District Judge

- 4 -

1   as a going concern and to refrain from discontinuing [p]laintiff's compensation[2] due under the
2   contract." In contrast, plaintiff asserts that the possible hardship for him is great.

3   Plaintiff asserts that he will suffer several possible harms if the temporary restraining order
4   is not granted. First, he asserts that he "will most certainly suffer irreparable harm as outlined above
5   by way of the medical complications." Second, plaintiff asserts that in the event of a liquidation or
6   sale, he would be deprived of any equitable remedy associated with his claim for breach of contract.
7   Lastly, plaintiff asserts that if TechSkills should undergo a sale or liquidation, he would be the holder
8   of "effectively worthless equity." Plaintiff asserts that the defendants will be required only to
9   maintain the "status quo" if the temporary restraining order is granted.

10   In balancing the hardships, the court examines the effect on each party if the temporary
11   restraining order is granted. Fed. R. Civ. P. 65; *Winter,* 129 S. CT. 65, 374-76. Here, the court is
12   aware that the plaintiff's interests may be adversely affected if TechSkills engages in any action
13   without plaintiff's consent or knowledge. However, the court also recognizes that the relief plaintiff
14   is seeking is essentially an attachment, halting the company's operations and forbidding it from
15   continuing to function, and not merely an effort to maintain the "status quo." This type of injunction
16   enjoining TechSkills from continuing its operations without the plaintiff, not only creates a great
17   hardship for TechSkills, but would be more appropriately dealt with in "a trial on the merits, rather
18   than in a preliminary proceeding under the guise of injunctive relief to preserve the status quo."
19   *Aronoff v. Katleman,* 75 Nev. 424, 345 P.2d 221 (1959).

20   Moreover, with regards to a possible sale or liquidation, plaintiff has not provided the court
21   with evidence to support a finding that a liquidation or sale will occur, or is likely to occur, in the
22   immediate future. Further, in the event that plaintiff prevails on its breach of contract claim, he has
23   adequate alternative means for relief, such as the punitive, actual, and general damages he seeks in
24   his complaint. (Doc. #1).

---

26   [2] The court need not address the issue of whether the defendants may terminate the payments
    under the contract and do not find that there is an immediate showing of irreparable financial harm,
27   as plaintiff has stated that defendants "continue to fulfill the compensation provisions of the
    employment agreement," and there is no indication that they will stop.
28

**James C. Mahan**
**U.S. District Judge**

- 5 -

1  As the plaintiff has alternative means for obtaining relief from this court in lieu of halting
2  TechSkills' operations, and the only immediate irreparable harm that the court identifies is that
3  which would be created by the halting of TechSkills' operations, the court is not inclined to grant
4  the plaintiff's motion for temporary restraining order (doc. #2). *Id.*

5  Accordingly,

6  IT IS HEREBY ORDERED ADJUDGED AND DECREED that plaintiff John R. Poland's
7  motion for temporary restraining order and motion for preliminary injunction against defendants
8  TechSkills, LLC, Richard Vance, and Tom Jenkins (doc. #2) be, and the same hereby is, DENIED.

9  DATED March 30, 2011.

 _____
 **UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 6 -